## Commonwealth v. Druschel

*Joseph Nelson*, for Commonwealth.
*Michael J. Wherry*, for defendant.

MCKAY, J., January 27, 1965.—The question before the court is whether the paper offered by the Com-

monwealth entitled Certificate of Speedometer Accuracy, which purports to certify that Hoffman Auto Parts, Butler, Pa., had received notification of designation as an official speedometer testing station from the Secretary of Revenue, and on December 1, 1964, tested for accuracy and found to be 100 percent accurate the speedometer for the Ford V-8 '64 motor vehicle bearing Pennsylvania registration plate no. 66021C and manufacturer's serial number, and so forth, and issued in accordance with the provisions of The Vehicle Code of April 29, 1959, P. L. 58, as amended, signed by John Heyser, Manager of the speedometer testing division of Hoffman Auto Parts, is admissible in evidence.

The only question that I had when the objection was raised was whether there is evidence that Hoffman Auto Parts of Butler is an official speedometer testing station, and at first glance it appeared to me that it is possible that under the statute there would have to be in addition to the certificate of Hoffman a certificate from the Secretary of Revenue to Hoffman showing Hoffman was a tester. However, upon reading the pertinent section of the statute in 75 PS §1002(d) which reads:

"An official certificate from an official speedometer testing station, showing such test was made, that the speedometer was adjusted for accuracy, if necessary, the date thereof, and the degree of accuracy of such speedometer, shall be competent and prima facie evidence of the fact that such certificate was issued by an official speedometer testing station appointed by the secretary, and of the accuracy of the speedometer, in every proceeding where an information is brought charging a violation of this section."

I am of the opinion that the paper in my hands is such a certificate.

At first reading, it says an official certificate from an official testing station is admissible in evidence, and the objection suggested that it had to be more than a certificate but it had to be a certificate from an official speedometer testing station, which would require another certificate that it was an official testing station, namely, from the Department of Revenue. Under section 1224 of the code, certified copies of such certificates are admissible, but when you read the whole sentence through, it is clear that it is the intention of the section that an official certificate from an official speedometer testing station, while that language so far indicates in addition there has to be evidence it is an official station, nevertheless, it goes on to read, it shall be competent and prima facie evidence of the fact, not only that such certificate was issued by an official speedometer testing station appointed by the secretary and of the accuracy of the speedometer. So, under the statute it is clear that the legislature has provided that a paper of this sort which purports on its face to be issued on a Department of Revenue form, entitled Certificate of Speedometer Accuracy, and certifies that Hoffman has received notification of designation as an official speedometer testing station from the Secretary of Revenue, comes within the section of the act which says that it shall be prima facie evidence of the fact that such certificate was issued by an official speedometer testing station appointed by the secretary.

The certificate is self-serving, but the statute makes it self-serving and it is admissible in evidence for all that it purports to say, but it is prima facie evidence only and can be rebutted by competent evidence, either that Hoffman is not a certified tester or that the certificate of accuracy is incorrect, but under the act it is clearly admissible.

It is contended by counsel for defendant that this is not an official certificate. There couldn't be anything else that would make it official. The seal of the Commonwealth wouldn't be needed by Hoffman; he has no seal; therefore, his certificate, which is entitled certificate of accuracy and which is a statement, this is to certify, would be clearly a certificate. I think "official" is a meaningless term used in the drafting of the act. The certificate need not be under oath or notarized. An affidavit is sworn to under oath; a certificate is a formal statement.

The court will also take judicial notice and infer that the fact that a State policeman was on routine duty, it would be prima facie evidence he was in uniform. I don't think State police officers ever go around in civilian clothes on routine duty and I will take judicial notice of the fact that they do wear uniforms on those occasions.

### ORDER

And now, January 27, 1965, after hearing, defendant is found guilty and appeal is dismissed. Conviction affirmed for the Commonwealth.